## SUPREME COURT.

### CHRISTOPHER C. CHAMPLIN agt. WILLIAM DEITZ.

Where the complaint alleged a cause of action for a certain quantity of hay sold, at an agreed price per ton; also for a balance due—specifying the sum, for personal property sold; also for moneys paid out for the benefit of the defendant, and at his request, in a specified sum; also for work, labor and services done and per for the defendant, for which defendant agreed to pay as much as they were reasonably worth, that said services were reasonably worth a specified sum:

*Held*, the *summons* being issued under the 2d subdivision of § 129 of the Code for relief, that the *complaint be dismissed with costs*, for the reason that it disagreed with the summons. With the privilege to the plaintiff, on payment of said costs to amend his summons.

*Sixth District, Chenango Special Term, February,* 1869.
*Before* RANSOM BALCOM, *Justice.*

MOTION to set aside the complaint, on the ground that it does not conform to the summons. The complaint joined several causes of action, each for specific amounts, and one count for work and labor, claiming on a *quantum meruit.*

D. L. ATKYNS *for the motion.*

I. Subdivision 1 of § 129 of the Code, does not apply when subdivision 1 of § 246 does not, and *vice versa.*

A summons for money cannot be used, except, when on failure to answer, the plaintiff must apply to the clerk for judgment; these subdivisions are reciprocal.

II. It is proper to join in one complaint different causes of action all arising on contract, e. g. on a promissory note, and for a failure to perform a contract when the damages are unliquidated, (*Code,* § 167, *subdivision* 2; *Norton* agt. *Cary,* 23 *How.,* 469).

III. Subdivisions 1 of §§ 129, 246, are to be interpreted restrictively. To grant a broad construction of them would

be to establish a new judicial tribunal uncontemplated by our legislators. The county clerk would come to be a judicial officer second only to the supreme court judge. (*Flynn* agt. *The Hudson River Railroad Company.* 6 *How.*, 305).

IV. The design of subdivisions 1, of §§ 129, 246 is, that where the damages are fixed and certain, or can be rendered so by a simple arithmetical computation, then a summons for money *may* be used (29 *How.*, 385) as where the action is on a note, bond, account stated, &c. But where the contract itself does not fix the measure of damages, or the amount claimed, in all such cases, application must be made to the court for judgment on failure to answer.

The summons must be for relief and the judgment for the relief demanded in the complaint. (*Garrison* agt. *Carr*, 34 *How.*, 187; *Hemson* agt. *Decker*, 29 *Id.*, 385; *Tuttle* agt. *Smith* 14 *Id.*, 395; *Cobb* agt. *Dunkin*, 19 *Id.*, 164; *The Cemetery Board of the Town of Hyde Park* agt. *Tuttle* 8 *Id.*, 504; *Flynn* agt. *The Hudson River Railroad Company*, 6 *Id.*, 310; *Norton* agt. *Cary*, 23 *Id.*, 469.

CHAS. A. FULLER, *opposed.*

I. This summons should have been under subdivision 1 of § 128 of the Code, which provides: 1. "In an action arising on *contract for the recovery of money only*, that he will take judgment for the sum, &c."

"The two subdivisions of this section (129) are intended to represent the two classes into which actions were divided before the Code. Actions *ex contractu* and actions *ex delicto.* The words arising on contract in subdivision 1, are obviously intended merely as a translation of, and substitute for the old Latin phrase, *ex contractu.* They extend to, and include *implied* as well as *express* contracts." (BIRDSEYE, J, *People* agt. *Bennett*, 6 *Abb.*, 345.)

An *implied contract*, may be for " the payment of money only " and is as much the mutual agreement of the parties, *and is equally binding upon them, as if express*. (2 *Black. Com.*, 443; *Ogden* agt. *Saunders*, 12 *Wheat.*, 341; 1 *Story Com.*, §§ 11 *and* 12, 4th *ed.*).

" The notice in the summons should be in form of subdision 1, where the action is brought for the recovery of money only when payable by the terms of the contract, whether *express* or *implied*, even if no more than a legal duty or liability imposed by statute, or declared by judgment of a court; or 2d when the sum sued for is certain in amount, or ·capable of being reduced to certainty by computation from the terms of the contract." (*People* agt. *Bennett*, 6 *Abb.*, 349; *Tuttle* agt. *Smith*, 6 *Abb.*, 339; *Tuttle* agt. *Smith*, ·14 *How. Pr.*, 395; *Davis* agt. *Balis*, 6 *Abb.*, 15; *Cobb* agt. *Dunkin*, 19 *How.*, 193; *Croden* agt. *Drew*, 3 *Duer*, 652; *Campbell* agt. *Wright*, 21 *How.*, 9;)

*People* agt. *Bennett*, sustained by Justices' EMOTT, S. B. STRONG, BIRDSEYE, DAVIS, T. R. STRONG, HARRIS, GOULD, HOGEBOOM,T.A. JOHNSON, BALCOM,E. D. SMITH,J. R. BRADY. (2 *Till* agt. *Shear.*, *N. Y. Pr.*, 358.)

*Hemson* agt. *Decker* (29 *How.*, 385), really holds no further than that when the summons is for relief, and the complaint shows matter calling for relief, and ·that application must be made to the court therefor, the complaint is not made to vary from the summons by .asking for a certain sum of money, and for such other relief as the court thinks proper. *The facts stated were right. A portion of the demand for judgment, wrong.*

II. No question of dispute arises, except upon the fourth count of the complaint. It will not be contended that a sale of goods at an *agreed .price*, calls for a summons for relief, in an action for the price.

I cannot conceive upon what theory it can be claimed that in an action on a *quantum meruit* for labor, a relief summons is proper. The plaintiff alleges the services *worth so*

*much.* The defendant may take issue thereon, that is upon the value alone. *A failure to do so admits the value as alleged by the plaintiff,* and judgment may be entered without any assessment by the court. *Whereas in an action for unliquidated damages the defendant can take no issue on the amount of damages, and by failure to answer does not admit them as alleged.* (12 *Abb.,* 448 ; 35 *Barb.,* 514; 12 *Abb.,* 343 *Gregory* agt. *Wright,* 11 *Abb.,* 417.)

The true test by which to determine whether the summons should be under subdivision 1 or 2 of section 129, is " whether an answer disputing the *amount* due, without denying that *something* was due, would be good." If answered affirmatively, then the action is for debt, and not for damages, and judgment on failure to answer, is to be entered on application to clerk. (2 *Till. and Shear. Pr.,* 252 ; *Davis* agt. *Bates,* 6 *Abb. Pr.,* 15 ; *Diblee* agt. *Mason,* 1 *Code R.* 37.)

III. The argument that such variations are harmless should not be listened to. The defendant would be called to pay $10 more costs under this summons. Besides it is important that the two classes of actions be kept distinct. The defendant has a right to know where application for judgment will be made, should he neither demand copy complaint, nor answer.

In England by " The Uniformity of Process Act," 2 *W.* 4 *ch.,* 39, five different forms of process issue. (3 *Chit. Pr.,* 158.)

*a.* " The declaration must correspond with the form of action specified in the writ, and if the declaration is in a different form of action, it is irregular and the court will set it aside, leaving the plaintiff to declare on the writ, if he can do so, according to his cause of action." (*Thompson* agt. *Dicas,* 1 *Cromp. and M.* 768 ; *Ward* agt. *Turner,* 1 *A. and E.,* 619; 3 *Tyr.,* 873 ; 3 *Chit. Pr.,* 159, 195, 197.)

*b.* And the court says " It is better to compel suitors to adhere to the strict form, for otherwise the court would al-

waye be discussing what deviation was allowable." (*Edwards* agt. *Digan*, 2 *Dowl.*, 240; *King* agt. *Shiffington*, 1 *Cromp. and M.*, 363; 3 *Chit. Gen. Pr.*, 71, 197.)

*c.* "Infinite mischief has been produced by the facility of the courts in overruling errors in form, thereby encouraging carlessness and placing ignorance too much on a footing with knowledge. (EYRE *Ch. J. Morgan* agt. *Sargent*, 1 *Bos. and Pul.*, 59.)

"Permitting such deviation pays a bounty on negligence." (*Ld.* LYNDHURST, *Rex* agt. *Calvert*, 2 *Cromp. and M.*, 190; 3 *Chit. Pr.*, 69.)

The complaint should be dismissed with costs.

E. H. PRINDLE, *counsel for plaintiff.*

Argued at length that defendant was not hurt by the variance, if any, and that the count for the reasonable worth of plaintiff's services, called for application to the court for judgment. He cited *Cobb* agt. *Dunkin* (19 *How.*, 193), *Campbell* agt. *Wright* (29 *How.*, 385, and 14 *Abb.*, 364, 23 *How.*, 469).

## SUPREME COURT—COUNTY OF CHENANGO.

| | |
|---|---|
| CHRISTOPHER C. CHAMPLIN<br>*agt.*<br>WILLIAM DEITZ. | *Summons for Relief—Complaint filed.* |

*To William Deitz, defendant.*

You are hereby summoned to answer the uomplaint of Christopher C. Champlin, plaintiff, which will be filed in the office of the clerk of Chenango county, and to serve a copy of your answer on the subscriber at his office, in the village of Sherburne, N. Y., within twenty days after the service of this summons, exclusive of the day of service, *or the plain-*

*tiff will apply to the court for the relief demanded in the complaint.*

C. A. FULLER,

Dec. 9, 1868. *Plaintiff's Attorney.*

Copy.

## SUPREME COURT—CHENANGO COUNTY.

| | |
|---|---|
| CHRISTOPHER CHAMPLIN *agt.* WILLIAM DIETZ. | *Complaint.* |

The plaintiff complains of the defendant and alleges the following facts constituting his cause of action:

1. That sometime in the year 1864, the said plaintiff sold to said defendant, and delivered the same at plaintiff's barn, 11,320 pounds of hay, *at the agreed price* of $11.00 per 2000 pounds, that said defendant has never paid for said hay, excepting the sum of $22.30, paid on account of it.

2. That said defendant is indebted to said plaintiff *on a balance of $3.25 on a pair of boots sold and delivered to said defendant.*

3. That said defendant is further indebted to said plaintiff on *account of moneys paid out by said plaintiff for the benefit of said defendant, and at his request in the sum of $1.50.*

4. That said defendant is indebted to said plaintiff for work, labor and services, done and performed for said defendant at his request, at different times within the last year, for which said services said defendant *agreed to pay said plaintiff as much as they were worth; that said services were reasonably worth $14.00.*

5. That the said defendant is further indebted to said plaintiff for 8,182 pounds of hay, sold and delivered to said defendant, at said plaintiff's barn, at the *agreed price of* $14.00 per 2000 pounds, said defendant having paid but $22.00 on said purchase.

Wherefore plaintiff demands judgment against said defend-
ant *for the sum of* $100.00 *with interest* on said demand
from the date payment on them was due, with the costs of
this action.

C. A. FULLER,
*Plaintiff's Attorney.*

*Chenango County,* ss. :
Christopher C. Champlin, the plaintiff in this action, being
duly sworn, says : the foregoing complaint is true of his
own knowledge, except as to the matters which are therein
stated on information and belief, and as to those matters he
believes it to be true.

Sworn to, before me, this 18th day of December, 1868.

H. BRIGGS,
*Justice of the Peace.*

## IN THE SUPREME COURT OF CHENANGO COUNTY.

| | |
|---|---|
| CHRISTOPHER C. CHAMPLIN<br>*agt.*<br>WILLIAM DEITZ. | *Notice of motion.* |

SIR :—Please to take notice that upon the summons and
complaint in this action, or copies thereof, and upon the
affidavit of William Deitz, a copy whereof will be hereafter
served on you, a motion will be made at the next special
term of this court, appointed to be held at the court house,
in the village of Norwich, in and for the county of Chen-
ango, on the third Monday in February, 1869, at the open-
ing of the court on that day, or as soon thereafter as counsel
can be heard, for an order, that the plaintiff's complaint
herein, be dimissed with costs, upon the ground of the fol-
lowing irregularity, viz :

1st. That the complaint disagrees with the summons
herein.

2d. That the summons is for relief, under subdivision two of section one hundred and twenty-nine of the N. Y. Code, and that the complaint is for money, under subdivision one of the same section.

3d. That the complaint disagrees with the summons in this, to wit: that the summons is for relief, and the complaint for money—or for such other and further order and relief in the premises as shall be equitable and just.

Dated this 14th January, 1869. Yours, &c.

D. L. ATKYNS, *attorney for defendant*,

To CHARLES A. FULLER, Esq., *attorney for plaintiff.*

At a special term of the supreme court, held in and for the county of Chenango, at the court house in the village of Norwich, on the 15 of February, 1869.

*Present* :—Hon. RANSOM BALCOM, *Justice.*

CHRISTOPHER C. CHAMPLIN.

*agt.*

WILLIAM DEITZ.

On reading and filing affidavit of William Deitz, the defendant herein, and notice of motion, that the complaint herein be dismissed with costs, for the reason that it disagrees with the summons, and after hearing Mr. Atkyns for the motion, and E. H. Prindle of counsel for the plaintiff in opposition thereto :

Ordered that the said motion be, and the same is hereby granted with ten dollars costs.

And it is further ordered, that on the payment of the said costs, the plaintiff may, within ten days after service of a copy of this order, amend his summons herein, and that if such amendment is made, the defendant may have ten days after the service of a copy thereof, in which to answer the complaint herein.

No written opinion was given.